IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES CARL FAUBION,

    Petitioner,

vs.                                                                                CIVIL NO. 99-1055 JC/LFG

JOE WILLIAMS, Warden, Lea County
Correctional Facility; and ATTORNEY
GENERAL FOR THE STATE OF
NEW MEXICO,

    Respondents.

## MAGISTRATE JUDGE'S FINDINGS
## AND RECOMMENDED DISPOSITION[1]

THIS MATTER is before the Court on Respondents' Motion to Dismiss [Doc. 10]. The motion was filed on October 29, 1999, and, on November 12, 1999, Petitioner James Carl Faubion ("Faubion") filed his "Traverse to Respondent's Motion to Dismiss." Although federal habeas corpus procedure no longer contemplates a "traverse," (Advisory Committee Notes to Rule 5, Rules Governing Section 2254 Cases in United States District Courts), the Court will consider this pleading as a response to the motion to dismiss.

    1. This is a proceeding on a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254, filed September 20, 1999. Petitioner, currently confined in the Lea County Correctional Facility in

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

Hobbs, New Mexico, challenges the judgment and sentence entered by the Fifth Judicial District Court in State v. Faubion, No. CR-96-162-JLS (County of Eddy, New Mexico). He was convicted by a jury on October 17, 1996 on charges of embezzlement. In the Judgment and sentence entered on February 19, 1997, Faubion was sentenced to twelve years and 362 days incarceration, followed by one year of parole.

2. The sole issue in Faubion's federal habeas petition is whether he was denied the effective assistance of counsel.

3. Respondents concede that Faubion exhausted state remedies as required by 28 U.S.C. § 2254(b),(c) and attach to their Answer a number of documents from the state court proceedings.

4. Respondents contend that Faubion's claim of denial of his right to effective assistance of counsel was disposed of by the state courts, whose findings of fact and conclusions of law are entitled to deference under 28 U.S.C. §§ 2254(d) and (e).

5. Respondents seek dismissal of Faubion's petition with prejudice.

## **Background**

6. The facts in this case are taken from the state court findings:

> In 1994, Defendants became members of the La Huerta Baptist Church in Carlsbad, New Mexico. In October 1994 Husband was selected to be the church music director, which was an unpaid position. In November 1994 Wife was selected to be the church's piano player, for which she was paid $30 per week. Later, in October 1995, wife was elected church treasurer, which was also an unpaid position. As treasurer, Wife's duties were to keep the church's books, deposit money into the bank account, pay the bills, and prepare financial statements for the monthly business meetings.
>
> In February 1996 Defendants moved from Carlsbad to Oklahoma. After they moved, the church pastor discovered that the water bill had not been paid and the water to the church had been shut off. The

pastor and the new church treasurer searched but could not find the church's checkbook. Defendants had kept the church's checkbook when they moved to Oklahoma.

The new treasurer obtained checks and copies of the church's bank statements from the bank. Upon examining the statements, discrepancies were discovered between the actual balance and the balance presented to the church in the monthly financial statements provided by Wife. The December 1995 financial statement showed a balance of $4,134.12, while the bank statement showed a balance of $608.12. The January 1996 financial statement showed a balance of $1796.52, while the bank statement showed a balance of $399.07.

The discrepancy was due to the fact that Wife wrote eight checks to herself and to Husband, for approximately $3600. She wrote five checks in December 1995 in the amounts of $750.00, $1528.87, $400.00, $200.00, and $150.00; and she wrote three checks in January 1996 in the amounts of $150.00, $300.00 and $200.00. Wife had recorded none of these checks in the church's financial statement and only one of the checks contained an explanation in the memo line.

When the pastor called Defendants in Oklahoma to confront them about the missing money, Wife told him he would have to speak with Husband. When Husband returned the pastor's phone call, he told the pastor that the money had been placed in certificates of deposit for the church. When Defendants were questioned over the phone by a detective, they repeated the same story. In fact, there were no such certificates of deposit purchased for the church. Later, when the police in Carlsbad questioned defendants, they admitted that there were no certificates of deposit and claimed that the money taken from the church was for past services rendered. Defendants alleged that the church was supposed to pay Husband $50 per week for his work as the music director. They stated that a former pastor of the church had agreed upon this; however, there is no record of such a decision. At trial there was testimony that neither the music director nor the church treasurer was a paid position and that the members of the church had never made such an agreement. Additionally, the church's budget does not reflect any compensation for the music director. Wife also admitted that she knowingly falsified the monthly financial statement prepared for the church to cover up what she had done.

(Answer, Ex. J, Opinion of the New Mexico Court of Appeals, May 7, 1998, at ¶¶2-6).

7. In Faubion's appeal of his conviction, in a motion to amend his docketing statement, (at pp. 11-12), he raised the claim of ineffective assistance of counsel. The claimed errors include Faubion's claim that defense counsel was ineffective for "1) failing to conduct interviews with State witnesses before trial; 2) failing to file a motion to suppress the letter sent to the church members by the Faubions that the prosecuting attorney suggested they send during negotiations with the Faubions; 3) not moving the court for a change of venue when there was extensive pretrial publicity; 4) not cross-examining the State's key witness Mr. Goings regarding his legal problems in Colorado to attack his credibility; 5) for not questioning prospective jurors during voir dire who indicated they believed Faubions were guilty because they had been accused of the crimes; 6) for not moving the trial judge recuse himself when his previous law firm had represented clients in civil matters against the defendant." (Answer, Ex. D, Defendant-Appellant's Motion to Amend Docketing Statement and First Memorandum in Opposition to Summary Affirmance).

8. Following receipt of Faubion's motion to amend the docketing statement and memorandum in opposition to summary affirmance, the court of appeals issued a second calendar notice again proposing summary affirmance on the ineffective assistance claim. Appellate Judge Armijo, on behalf of the court, wrote:

> Defendant contends that he was denied effective assistance of counsel. Defendant points to no evidence in the record supporting his contention. We would not remand for consideration of a claim of ineffective assistance of counsel unless the record on appeal establishes a prima facie case of ineffective assistance. See State v. Swavola, 114 N.M. 472, 475, 840 P.2d 1238, 1241 (Ct. App.), *cert. denied*, 114 N.M. 501, 841 P.2d 549 (1992). As the record in this case does not establish ineffective assistance, we propose to affirm on this issue.

(Answer, Ex. E).

9. After receipt of the parties' memoranda in response to the second calendar notice, the case was reassigned to the general calendar, (Answer, Ex. G), and briefs were thereafter filed.

10. In Faubion's appellate brief (Answer, Ex. H), he restated the six claims appearing in his amended docketing statement. As in the amended docketing statement, Faubion provided no details and no citations to the record to support his conclusory allegations. The State pointed this out in its answer brief, noting that Faubion had failed even to allege specific examples of incompetence. (Answer, Ex. I).

11. On May 7, 1998, the Court of Appeals issued its formal opinion affirming Faubion's conviction. It specifically addressed Faubion's claims of ineffective assistance of counsel, this time stating:

> Defendants have raised several different claims of ineffective assistance of counsel. However, Defendants have the burden of establishing the specific facts of an ineffective assistance of counsel claim. State v. Chamberlain, 112 N.M. 723, 733, 819 P.2d 673, 683 (1991). Defendants have not cited any evidence in the record and have not shown us a prima facie case of ineffective assistance of counsel. Therefore, we will not remand on this issue. See State v. Swavola, 114 N.M. 472, 475, 840 P.2d 1238, 1241 (Ct. App. 1992) ("We thus limit remand to those cases in which the record on appeal establishes a prima facie case of ineffective assistance.")

(Answer, Ex. J, at ¶14).

12. Subsequent to the Court of Appeals' decision, Faubion sought review by way of writ of certiorari to the New Mexico Supreme Court. He again raised, in issue three, his claim for ineffective assistance of counsel. (Answer, Ex. K). In his petition, Faubion recited the ineffective assistance of counsel claims but again failed to present any evidence to support them. Indeed, his only argument on the ineffective assistance of counsel claim appears in only two sentences in the entire petition.

They are as follows:

> The facts material to questions two thru [sic] 4 [including the ineffective assistance of counsel claim] are recited in defendant-petitioner's docketing statement and memorandum in opposition to summary affirmance, included in the Court of Appeals' file. Defendant-petitioner has no additional facts to place before the court at this time.

(Answer, Ex. K, at 9-10). Certiorari was denied. (Answer, Ex. L).

13. Faubion then petitioned the state court for a writ of habeas corpus. (Answer, Ex. M). In his petition, he raised for the first time the allegation that his attorney failed to call a witness, Pastor Smith, to testify. Faubion submitted an affidavit from Pastor Smith which Faubion characterizes as stating that Smith gave Faubion permission to pay himself in the future. He contends that he was simply following this procedure when he took the money. Faubion argued that Smith's testimony would have allowed him to present a defense of mistake of fact. The state habeas petition also raised for the first time the issue that trial counsel was ineffective in failing to introduce into evidence receipts for reimbursable expenses.

14. The state district court denied Faubion's habeas petition on the merits, stating:

> The Court, having examined the Petition together with all attachments, finds that it plainly appears from the materials reviewed by the Court that Defendant is not entitled to the relief as a matter of law. The Petition is also not well taken by the Court for the reason that Defendant is asking to reconsider matters previously considered on Appeal. The Defendant is not maintaining there is newly discovered evidence unknown to him at the time of Trial, just that Defendant's Trial Counsel elected not to use the material at the time of the Jury Trial. The Court finds the material submitted by Defendant with the Petition do not establish a prima facie case of ineffective assistance of counsel.

(Answer, Ex. N).

15. Following denial of Faubion's habeas petition, the New Mexico Supreme Court denied his petition for writ of certiorari. (Answer, Ex. P).

**Analysis**

16. This case was filed after the effective date of the 1996 AEDPA amendments to 28 U.S.C. § 2254. Subsection (d), as amended, provides that a writ of habeas corpus:

> Shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

17. This means that a federal court is precluded from granting habeas relief, except in the narrow circumstances described in §2254(d), and this Court must apply a presumption that the factual findings of the state court are correct unless the petitioner can rebut this presumption by clear and convincing evidence. Smallwood v. Gibson, 191 F.3d 1257, 1264-65 (10th Cir. 1999).

18. In Moore v. Gibson, __ F.3d __, Nos. 98-6004, 98-6010, 1999 WL 765893, at *7 (10th Cir. Sept. 28, 1999); Wallace v. Ward, 191 F.3d 1235, 1241 (10th Cir. 1999); and Hooks v. Ward, 184 F.3d 1206, 1223 (10th Cir. 1999), the Tenth Circuit Court of Appeals indicated that the deferential post-AEDPA standards do not apply where the state court did not decide a claim on the merits. However, so long as a decision is reached on substantive rather than procedural grounds, it will constitute an "adjudication on the merits" for purposes of Section 2254(d). See Cardwell v.

Greene, 152 F.3d 331, 339 & n.4 (4th Cir.), *cert. denied*, 119 S. Ct. 587 (1998) (holding state court decision "finding no merit" in certain claims was adjudicated on the merits).

19. As grounds for his federal habeas petition, Faubion alleges as he did in state court, that trial counsel failed to call as a witness Pastor Smith, whose testimony would have established a mistake of fact defense, and that trial counsel failed to introduce into evidence receipts for reimbursable expenses. Faubion also mentions the failure to suppress an apparently inculpatory letter he says was induced by the prosecution, and he raises for the first time the complaint that his attorney failed to suppress his wife's involuntary confession.

20. Faubion presented his claim of ineffective assistance of counsel not only on direct appeal of his conviction, but also in his subsequent state habeas petition. (Answer, Exs. D, H, J). Following denial of his petition for writ of habeas corpus in Eddy County District Court (Answer, Exs. M, N), Faubion filed a petition for writ of certiorari with the New Mexico Supreme Court raising the same issue. (Answer, Ex. O). After considering Faubion's arguments in the petition, the New Mexico Supreme Court denied relief.

21. The Court of Appeals considered the merits of Faubion's claim on direct appeal. He specifically raised the issue of ineffective assistance of counsel and asserted whatever facts he had in support of his contention. One of the grounds raised on appeal is also the subject of this federal habeas petition: failure to move for suppression of the letter allegedly induced by the prosecution. Judge Joe Alarid, writing for the court, noted that Faubion had the burden of establishing the existence of specific facts in support of his ineffective assistance of counsel claim, but he failed to cite to any evidence in the record in support of his claim, nor did he make a *prima facie* showing of ineffective assistance of counsel. Because of Faubion's failure to come forward with any evidence

8

in support of his claim, the court declined to remand for further production of evidence.

22. Indeed, the issue of ineffective assistance of counsel, including the claim that counsel failed to suppress the letter, was raised by appellate counsel pursuant to State v. Franklin, 78 N.M. 127, 428 P.2d 982 (1967), and State v. Boyer, 103 N.M. 655, 712 P.2d 1 (Ct. App. 1985). Issues may be raised pursuant to Franklin and Boyer when the record has no support for the contention being advanced by the petitioner, but, yet, counsel is obligated to present an issue demanded by a client. This ethical dilemma is solved by having counsel submit the argument to the court while candidly advising the court, via a Franklin or Boyer brief, that the claim appears meritless and has no factual support. (*See*, Answer, Ex. D, at 13; Ex. H, at 20).

23. In resolving Faubion's habeas corpus petition, the state district court also decided the ineffective assistance of counsel claims on the merits. The court considered the additional grounds raised in the petition in support of Faubion's claim, including failure to call Pastor Smith as a witness and failure to introduce the receipt evidence. (Answer, Exs. M, N).

24. Since the adoption of AEDPA, it is clear that the federal court, in considering a writ of habeas corpus from a person in state custody, is required to grant deference to state decisions when the issues raised have been adjudicated on the merits. Smallwood, at 1264-65. It is only when the state court did not decide the claim on its merits that the deferential post-AEDPA standard is inapplicable. See, e.g., Moore v. Gibson; Wallace v. Ward; and Hooks v. Ward, all cited supra. Other circuits have held that summary decisions without even cursory reasoning may constitute an "adjudication on the merits" for purposes of Section 2254(d), provided that the decision was reached on substantive rather than procedural grounds. Cardwell, at 339 n.4. Cf. Mercadel v. Cain, 179 F.3d 271, 274-75 (5th Cir. 1999)(construing one-word denial of post

9

conviction relief claim as procedural rather than "on the merits" for purposes of 2254(d) where petitioner committed a fatal procedural error).

25. Here, the state courts found substantively that there was no evidence on the record in support of any of Faubion's contentions, and, further, that Faubion failed to make even a *prima facie* showing of ineffective assistance of counsel. When given further opportunity to supplement the record, Faubion candidly admitted that the only evidence in support of his contentions appeared as part of the docketing statement and his appellate brief. Yet, a review of both documents shows only conclusory allegations and an absence of evidence in support of these claims.

26. In construing the language of Section 2254(d), this Court focuses on the state court's resolution of the case. Aycox v. Lytle, ___ F.3d ___, No. 98-2298, 1999 WL 1037603 (10th Cir. Nov. 16, 1999). Our circuit has cited, with approval, the Seventh Circuit's approach in considering a state court's results and deferring to it even where an analysis is lacking. Id.; See Schaff v. Snyder, 190 F.3d 513, 523, (7th Cir. 1999) ("If the [state court] determination was reasonable, that is, at least minimally consistent with the facts and circumstances of the case, we shall uphold the state court ruling, even if it is not well reasoned or fully reasoned").

27. Here, the Court is required to give deference to the state court's determination, because that determination was based on the merits. Even if these claims had not been fully adjudicated in the state court, habeas relief would not be available to Faubion, because he has failed to show that he was prejudiced by any action or omission of his attorney. To prove ineffective assistance of counsel, the defendant must show not only that counsel's performance was deficient, but also that this deficient performance prejudiced his defense in that the result would have been different but for the attorney's errors. Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984).

28. Even considering the Smith affidavit and evidence of the receipts, the Court cannot find that Faubion has alleged facts which, if accepted as true, would establish that he was prejudiced by his counsel's representation. First, the Smith affidavit simply does not support Faubion's argument. Indeed, a review of the letter actually contradicts rather than corroborates the mistake-of-fact defense. All the affidavit states is that Smith "probably" discussed the topic of possible future compensation with Faubion, "[A]s best I remember, I probably told Jim Faubion that at some time in the future when the church was in better financial condition we would try to provide a salary for his work as music director." (Unnumbered attachment to Petition, Letter from Don G. Smith to Attorney Robert Tamcore [sic], December 17, 1998).

29. There is a world of difference between a promise to try to arrange for payment at some time in the future and Faubion's contention that his embezzlements were authorized. It certainly does not rise to the level of ineffective assistance of counsel to call a witness who refutes the very basis of the defense. Jackson v. Shanks, 143 F.3d 1313, 1319-20 (10th Cir.), *cert. denied*, 119 S. Ct. 378 (1998).

30. In addition, Faubion has failed to show that evidence of the receipts would have changed the outcome of the trial. As Respondent points out in its motion to dismiss, Faubion does not state that his trial counsel was aware of the existence of these receipts at the time of trial. If he did not tell his attorney about the receipts, then Faubion has failed to establish the first prong of the Strickland test. Laycock v. State, 880 F. 2d 1184, 1187 (10th Cir. 1989). Alternatively, counsel may have decided as a tactical matter not to introduce the receipts into evidence. The receipts were cumulative of other evidence on the record; Faubion may have had to testify in order to lay a foundation for their admission, which could have opened the door to evidence of a prior felony theft conviction; the dates

11

and amounts of the receipts did not coincide with the dates and amounts of withdrawals by the Faubions from the church's bank account; and several of the charges were for taxable transactions, which would not be applicable to a religious organization. For these reasons, trial counsel could legitimately have decided that the prejudicial effect of the evidence would outweigh its benefit to his client's case.

31. Thus, Faubion has failed to show a reasonable probability that the result would have been different if his attorney had not made these alleged errors.

32. Faubion also asserts a new ground for his claim of ineffective assistance, for the first time and in an almost offhand way, in his federal habeas petition. He claims that his attorney was ineffective in failing to suppress his wife and co-defendant's allegedly involuntary confession. This claim has been procedurally defaulted as it was not raised at all in state court, either on appeal or in state habeas proceedings. Respondent did not mention this claim in its motion to dismiss. Although this Court has the power to raise a state procedural bar *sua sponte*, it need not do so if, as is the case here, the claim can be easily resolved on the merits. Guzman v. Williams, No. 98-2172, 1999 WL 430059, at *3 (10th Cir. June 28, 1999).

33. Faubion's claim regarding his wife's confession again consists of a conclusory allegation, with no attempt by Faubion to point out support in the record. Faubion gives no details at all about his wife's alleged confession and has made no showing that such a confession was even introduced at trial, nor does he explain how its exclusion would have changed the result. This new ground does not provide support for a grant of habeas relief.

34. In his "Traverse to Respondent's Motion to Dismiss" [Doc. 12], Faubion requests an evidentiary hearing, and he has also filed a Motion for Appointment of Counsel [Doc. 13]. Both of

these requests will be denied. "In order to warrant relief, or, as an initial matter, even an evidentiary hearing, a habeas corpus petitioner must allege sufficient facts to establish a constitutional claim." Hatch v. State, 58 F.3d 1447, 1469 (10th Cir. 1995). The Court is not required to conduct an evidentiary hearing on the basis of vague, conclusory allegations of ineffective assistance of counsel, unsupported by specific facts. Eskridge v. United States, 443 F.2d 440, 443 (10th Cir. 1971); Anderson v. United States, 367 F.2d 553, 554 (10th Cir. 1966).

> To decide whether Mr. Hutchinson is entitled to an evidentiary hearing, we must first determine whether his allegations, if proved, would entitle him to relief . . . These allegations must be more than mere conclusory allegations unsupported by specifics . . . For claims of ineffective assistance of counsel under Strickland, the allegations must necessarily show how Hutchinson was prejudiced and that there is a reasonable probability he would have prevailed had counsel done what he now claims should have been done. We conclude that Mr. Hutchinson failed to allege the prejudice necessary under Strickland in other than conclusory, nonspecific fashion and that his ineffectiveness claims must therefore be denied.

United States v. Hutchinson, 991 F.2d 806 (Table, text in Westlaw), No. 92-1268, 1993 WL 128880, at *3 (10th Cir. April 21, 1993). The same is true in the present case.

35. Giving the state courts the appropriate post-AEDPA deference as required by Section 2254, the Court concludes that Faubion's claims have been adjudicated on the merits and that the state court's adjudication did not result in any decision that was contrary to or involved an unreasonable application of clearly established federal law. Similarly, the Court finds that the state decisions were not based on any unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

36. Even if this Court were not obliged to defer to the state court findings and conclusions, it would nevertheless dismiss the petition for Faubion's failure to establish the "prejudice" prong of

Strickland, in that he has not shown that his counsel's alleged failings changed the ultimate outcome of his trial.

37. Accordingly, the Court finds that Respondents' Motion to Dismiss is well-taken and should be granted. In addition, Faubion's motions for an evidentiary hearing and for appointment of counsel [Doc. 13] are denied.

**Recommended Disposition**

That Respondents' Motion to Dismiss be granted and the petition be dismissed with prejudice.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge

PETITIONER:
James Carl Faubion, pro se

ATTORNEY FOR RESPONDENTS:
Joel K. Jacobsen, Esq.